UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PETALUMA GREENBRIAR INVESTMENTS 1, LLC,    No. 11-10653

                Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

     This is a single asset real estate case governed by § 362(d)(3) of the Bankruptcy Code. The debtor has filed a Chapter 11 plan which purports to assume and perform (at a time in the future) a prepetition forbearance agreement with Westamerica Bank.[1] The Bank opposes the plan because it has already foreclosed and because the forbearance agreement has expired.

     On May 20, 2011, the court entered an order modifying the automatic stay to permit the Bank to foreclose on or after August 11, 2011, unless a plan was confirmed by August 10, 2011. No plan was confirmed by that date. The Bank foreclosed nonjudicially on August 26, 2011.

     In companion cases, the debtor has argued that the foreclosure there was invalid because it took place within 14 days of entry of an amended order correcting the property description. The court has rejected that argument, but it is not even applicable in this case because no amended order was

---

[1] The agreement was actually with Sonoma Valley Bank. Westamerica is its successor in interest.

1

necessary here. The debtor is left in this case with no cogent argument as to how its plan can cure a default on property it no longer owns. Since there is no right to redemption of nonjudicially foreclosed property, the plan is unconfirmable pursuant to § 1129(a)(3) of the Code because its means is forbidden by law.

Although it appears moot, the debtor's attempt to revive the redemption agreement is futile. The agreement, dated August 12, 2010, gave the debtor until December 31, 2010, to pay $4,320,000.00. On December 3, 2010, the parties signed a lengthy letter making it clear that the Bank waived no rights by discussing other offers. On December 20, 2010, the debtor made a proposal to the Bank which did not include payment by the deadline in the forbearance agreement. The Bank made no response until February, 2011, when it rejected the proposal. The debtor filed its Chapter 11 petition on February 24, 2011.

During the pendency of these Chapter 11 proceedings, the debtor filed an adversary proceeding seeking a declaration that the forbearance agreement had not expired and was assumable. The adversary proceeding was assigned to the Honorable Thomas Carlson, who granted the Bank's motion to dismiss. Judge Carlson granted leave to amend only if the debtor could allege that it had fully performed by the December 31 deadline. Unable to do so, the debtor dismissed the adversary proceeding.

Regardless of whether the debtor is even entitled to seek a different ruling now, the court agrees with Judge Carlson that the forbearance agreement terminated on December 31, 2010, and cannot now be assumed. There is no basis in the law for the court to deem the Bank's silence as consent to extend the deadline, especially in light of the terms of the December 3 letter agreement. While § 108(b) of the Code can extend the deadline for a debtor to cure a default, it is applicable only when the time had not already expired when the bankruptcy petition was filed. Once a contract has expired, it cannot be assumed. *In re Texscan Corp.,* 107 B.R. 227, 230 (9th Cir. BAP 1989); *In re Balcon Equities Ltd., Inc.,* 312 B.R. 735, 750 (Bkrtcy.S.D.N.Y. 2004)[applying law to expired forbearance agreement].

2

Case: 11-10653    Doc# 103    Filed: 11/08/11    Entered: 11/08/11 14:47:23    Page 2 of 3

For the foregoing reasons, the court will deny confirmation of the debtor's plan. Counsel for the Bank shall submit an appropriate form of order. This Memorandum constitutes the court's findings and conclusions.

Dated: November 8, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge